Leonard *v.* Martin.

the plaintiff to avail himself of all its provisions. But apply the strictest rules to the pleadings, and regard the mortgage as only given "to secure the payment of the principal and interest mentioned in the condition of said bond, to the use, benefit and maintenance of said Frances Scheive," as alleged in the complaint, and there was a clear breach of the condition proved. There is no pretense that the defendant "from time to time used and applied the $350 for the benefit, support and maintenance of Frances Scheive as the same should be necessary." The cause of action was established, and the referee erred in dismissing the complaint.

There is no foundation for the objection that the action was improperly brought by the plaintiff and in his name.

The judgment must be reversed, and there must be a new trial, and the question of costs is reserved to the final trial.

[ERIE GENERAL TERM, November 16, 1868. *Daniels, Marvin* and *Barker,* Justices.

———◆———

## LEONARD *vs.* MARTIN.

The plaintiff and defendant, being partners in the lumbering business, the former conveyed to the latter the undivided half of a lot of land which he had bought for a trifling sum, at a tax sale, upon an agreement that the defendant should let him have $800 for one year without interest, and furnish money to carry on the partnership business. From this land the parties, as a firm, took a large quantity of lumber. In an action for an accounting between the parties, the referee found that the land was worth $1000, and he credited the plaintiff that amount. *Held* that the referee erred in giving such credit; the proof showing that the land had cost the plaintiff only a trifle, and that he was willing to put it into the firm upon the terms stated.
*Held, also,* that the amount reported by the referee as due from the defendant being $2023.22, there should be deducted from that sum the one half of the $1000 the value of the whole land, less the interest for one year, on $800, viz. $56; leaving a balance of $1579.22, due the plaintiff.

APPEAL, by the defendant, from a judgment rendered on the decision of a referee. The action was for an accounting between the parties as partners in the lumbering business.

*D. H. Bolles*, for the appellant.

*A. G. Rice*, for the respondent.

*By the Court*, MARVIN, J. The partnership was formed in April, 1859. In May, of that year, the plaintiff conveyed to the defendant the equal undivided half of 138 acres of timbered land, worth, as the referee found, $1000. From this land the parties, as a firm, took five hundred thousand feet of lumber.

The plaintiff, as a witness, stated that he deeded to the defendant the undivided half of the 138 acres, and that they agreed that the defendant should let him, the plaintiff, have $800 for one year, without interest, and furnish money to carry on their partnership business, for the undivided half of the 138 acres which he deeded to the defendant. The defendant gave evidence tending to prove that he did not agree, in consideration of the deed of half the land, to let the plaintiff have $800 for one year without interest, but that the consideration was that the defendant should procure the plaintiff a loan of $800, and that he should associate himself with the plaintiff in said business, and aid with capital and labor in carrying it on.

It appeared in the case that the plaintiff paid only a trifling sum for the land; that he acquired it under a sale for taxes. The referee so found.

Upon this state of the evidence, the referee found that the land was worth $1000, and he credited the plaintiff this amount in the partnership accounts.

It appears to me that the learned referee erred in this credit to the plaintiff. The proof did not justify such

Leonard *v.* Martin.

credit. The agreement, upon which the land was conveyed, was, as stated by the plaintiff, that the defendant should let the plaintiff have $800 for one year without interest, and furnish money to carry on the partnership business; and this was for the undivided half of the land he conveyed to the defendant. This agreement was special. The land had cost the plaintiff only a trifle, and he was willing to put it into the firm upon the terms stated by him. The case does not show whether the defendant actually lent the $800 to the plaintiff, for one year without interest. He probably did not. But this will not change the character of the agreement upon which the land was conveyed. The referee finds that each partner advanced moneys and turned over property in the said business. In another connection, the referee found that the defendant had advanced and laid out for the firm $9215.31. If the money ($800) was not advanced *without interest*, the legal damage would be the legal interest, *i. e.* $56. I think the referee, under the evidence, could have allowed this sum.

As this item of $1000 is the only matter complained of by the defendant, I think the error can be corrected without a new trial. The amount reported by the referee, against the defendant, is $2023.22. From this should be deducted the one half of the $1000, the value as found of the whole land, less the interest for one year on $800; *i. e.* $56. The amount to be deducted will be $444, the balance being $1579.22, and for that sum the judgment should be affirmed. Neither party should have costs, as against the other, upon this appeal.

[ERIE GENERAL TERM, November 16, 1868. *Daniels, Marvin* and *Lamont,* Justices.]